33 F.3d 62
 73 A.F.T.R.2d 94-1752
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 BLACK GOLD ENERGY CORPORATION, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-9002.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1994.
 
 1
 United States Tax Court; No. 793-89.
 
 
 2
 Before HOLLOWAY AND MCKAY, Circuit Judges, and THEIS, District Judge.*
 
 
 3
 ORDER AND JUDGMENT**
 
 
 4
 THEIS, Senior District Judge.
 
 
 5
 This is an appeal from a decision the Tax Court concerning the timing of bad debt loss deductions taken by the taxpayer. This court has jurisdiction pursuant to I.R.C. Sec. 7482(a) and we affirm.
 
 
 6
 The facts of this case are known to the parties and are undisputed. The court will, therefore, provide only a brief recitation of the facts. The taxpayer-appellant, Black Gold Energy Corp. ("Black Gold"), is an accrual basis taxpayer. Black Gold guarantied certain obligations of the Tonkawa Refinery ("Tonkawa"). Tonkawa defaulted on its obligations during the 1984 tax year. Also during the 1984 tax year, the creditors brought suit against Black Gold for recovery under the guaranties. During the 1985 tax year, Black Gold reached settlements with the creditors and paid the amount due under the first settlement. The second settlement called for Black Gold to deliver to the creditor a promissory note in the settlement amount and to make monthly payments on the note for nine years. Black Gold executed and delivered the promissory note during the 1985 tax year.
 
 
 7
 On its tax returns for 1984, Black Gold claimed a bad debt loss deduction in the amount of the sum of the settlements with the creditors. The Commissioner disallowed the entire deduction for 1984, but allowed Black Gold to take a bad debt loss deduction in 1985 for the amounts actually paid to the creditors during that year. The Commissioner issued a notice of deficiency. Taxpayer petitioned to the Tax Court for a redetermination of tax liability. The Tax Court upheld the decision of the Commissioner, and taxpayer timely appealed.
 
 
 8
 Black Gold makes two arguments on appeal. Black Gold first contends that the amounts of its settlements with the creditors were deductible as bad debt losses in 1984. In Putnam v. Commissioner, 352 U.S. 82 (1956), the Supreme Court held that the proper tax treatment for a payment under a guaranty is as a bad debt deduction. Taxpayer argues that because it uses the accrual method of accounting, its losses are deductible at the time they accrue under the "all events" test--when the loss and the amount thereof become certain. Black Gold asserts that the each loss accrued at the time Tonkawa defaulted.
 
 
 9
 The Commissioner argues that this case is controlled by Treasury Regulation Sec. 1.166-9(a), which states:
 
 
 10
 "This paragraph applies to taxpayers who, after December 31, 1975, enter into an agreement in the course of their trade or business to act as ... a guarantor, endorser, or indemnitor of ... a debt obligation. Subject to the provisions of paragraphs (c), (d), and (e) of this section, a payment of principal or interest made during a taxable year beginning after December 31, 1975, by the taxpayer in discharge of part or all of the taxpayer's obligation as guarantor, endorser, or indemnitor is treated as a business debt becoming worthless in the taxable year in which the payment is made...."
 
 
 11
 Black Gold argues that Treas.Reg. Sec. 1.166-9(a) does not apply to it because it uses the accrual method of accounting. The regulation, however, does not make this distinction. Rather, it refers only to "payment." See Don E. Williams Co. v. Commissioner, 429 U.S. 569, 574 (1977). Furthermore, regardless of the accounting method used by the taxpayer-guarantor, there is no debt owed to the guarantor until the guarantor pays the principal debt. The court concludes the regulation is controlling, and the Tax Court correctly determined that Black Gold was not entitled to a bad debt loss deduction in 1984.
 
 
 12
 In the alternative, Black Gold argues that execution and delivery of the promissory note constituted payment of the second settlement, and that, therefore, Black Gold should have been allowed a bad debt loss deduction in 1985 for the amount of the promissory note. Black Gold acknowledges that I.R.C. Sec. 461(h) was in effect at the time of the second settlement. Section 461(h)(1) provides that "the all events test shall not be treated as met any earlier than when economic performance with respect to such item occurs." Moreover, "[i]f the liability of the taxpayer requires the taxpayer to provide property or services, economic performance occurs as the taxpayer provides such property or services." I.R.C. Sec. 461(h)(2)(B).
 
 
 13
 Black Gold argues that under the terms of the settlement with First National, it was obligated to provide property in the form of a promissory note. Taxpayer delivered the note in the 1985 tax year. Therefore, it argues, it met the economic performance criterion in 1985. This argument is without merit. Although Black Gold was required to deliver a promissory note, it was also required to make payments on the note. It was the expectation of future payments rather than the note itself that induced First National to enter into the settlement agreement. Therefore, the true economic performance under the settlement was the payment of the note, not its execution and delivery. See id. at 477-79. The Tax Court correctly concluded, in a well-drafted opinion by Chief Judge Hamblen, that Black Gold was entitled to bad debt loss deduction in 1985 only for the amounts it actually paid pursuant to the two settlements. Reference is directed to that opinion for a more comprehensive review of the law involved and the rationale governing its interpretation. Black Gold Energy Corp. v. Commissioner, 99 T.C. 482 (1992).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Frank G. Theis, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)